UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS G. SMITH,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA,

                    Defendant.

CASE NO. C13-1404-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 2671, *et seq.*, alleging that the United States is liable for the acts of a dentist at the Federal Detention Center, SeaTac ("FDC SeaTac"), who allegedly left open a cabinet door against which plaintiff hit his head when he was standing up after a dental exam. (*See* Dkt. 9.) Plaintiff claims that as a result of hitting his head, he suffered lacerations, dizzy spells, headaches, difficulty concentrating, pain and suffering, permanent scarring, disfigurement, nightmares, and a "scar" on his brain. (Dkt. 26 at 23, 31.)

Defendant has moved for a partial summary judgment dismissing plaintiff's claims for

REPORT AND RECOMMENDATION
PAGE - 1

mental and emotional injuries and any other alleged injuries that are ongoing as a result of hitting his head, thus leaving only his claims for pain and suffering that he experienced on the date of the injury. (Dkt. 24.) Plaintiff did not file a response to defendant's motion. Having considered the motion for partial summary judgment, the balance of the record, and the governing law, the Court recommends that defendant's motion be GRANTED.

BACKGROUND

On December 12, 2011, plaintiff underwent a dental examination at FDC SeaTac. (Dkt. 26 at 23.) At the conclusion of the examination, the dentist instructed him to get out of the chair, and as plaintiff was standing up, he hit his head on the open door of a dental supplies cabinet. (*Id.* at 4, 23.) Plaintiff immediately received medical care. (*Id.* at 4.) He had two "superficial abrasions on his frontal scalp area" that were 3-4 mm in size. (*Id.*) The abrasions were cleaned with alcohol pads and covered with a band-aid. (*Id.*) Plaintiff reported a headache and was given a three-day supply of Tylenol for pain. (*Id.* at 5.) The mental and neurological examinations were "normal." (*Id.* at 4-5.) He was discharged with instructions to seek medical treatment "immediately" if he experienced any worsening of headache, dizziness, or vomiting. (*Id.* at 5.)

Approximately one week later on December 20, 2011, plaintiff underwent a physical examination, which found he was physically and mentally "normal," he did not have any pain or mental health complaints, and there was no visible evidence of trauma or wounds. (*Id.* at 10-20.) In August 2013, plaintiff initiated this action, seeking $30,000.00 in damages from the December 12, 2011 incident. (*See* Dkts.1 and 26 at 25.)

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when a "movant shows that there is no genuine dispute

REPORT AND RECOMMENDATION
PAGE - 2

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87.

In supporting a factual position, a party must "cit[e] to particular parts of materials in the record . . . or show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. "[T]he requirement is that there be no *genuine* issue of material fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly

REPORT AND RECOMMENDATION
PAGE - 3

preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[ ]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

<u>DISCUSSION</u>

"The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment." *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). Under the FTCA, the government can be sued in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The extent of the United States' liability under the FTCA is governed by reference to substantive state law. *Molzof v. United States*, 502 U.S. 301, 305 (1992); 28 U.S.C. § 2674; *see also Liebsack v. United States*, 731 F.3d 850, 855 (9th Cir. 2013).

Under Washington law, negligence "requires duty, breach, and resultant injury; and the breach of duty must also be shown to be the proximate cause of the injury." *Hartley v. State*, 103 Wash. 2d 768, 777-79 (Wash. 1985). To establish proximate cause, a plaintiff must prove: (1) cause is fact, meaning that the injury would not have occurred but for the claimed negligence, and (2) legal causation, meaning that the cause produced the injury in a direct sequence. *Id.*

As defendant argues, the undisputed evidence establishes that the events of December 12, 2011, did not cause any injuries beyond the superficial abrasions on plaintiff's scalp and the headache he reported that day. Plaintiff's physical examination on December 20, 2011—just one

REPORT AND RECOMMENDATION
PAGE - 4

week later—found that he was physically and mentally healthy.  (Dkt. 26 at 10-20.)  During that examination, he did not report any of the injuries he is now claiming, including dizzy spells, headaches, difficulty concentrating, pain, permanent scarring, disfigurement, nightmares, or a "scar" on his brain.  (*See id.*)  Similarly, plaintiff did not report these injuries when receiving treatment for preexisting leg and hand injuries in 2013.  (*Id.* at 40, 42.)  In fact, he denied other problems.  (*See id.*)  And psychologist Codi James, Psy.D., who evaluated plaintiff in April 2014, does not recall plaintiff mentioning the December 12, 2011 injury.  (Dkt. 25.)  Dr. James found "no evidence to suggest the presence of a perceptual or thought disorder."  (*Id.* at 14.)  Although plaintiff reported frequent headaches, sleep problems, nightmares, flashbacks, and anxiety, he indicated that he had experienced these symptoms for "a couple of years, both inside and outside of prison."  (*Id.*)  Because plaintiff has been incarcerated continuously since 2011, the fact that he experienced these symptoms outside of prison indicates that the symptoms were preexisting at the time he hit his head on December 12, 2011.  (*See* Dkt. 24 at 3 n.2.)  Thus, plaintiff's own reports to Dr. James bely any claim that his alleged injuries would not have existed but for the incident giving rise to this lawsuit.

In sum, defendant has established entitlement to judgment as a matter of law based on the evidence negating the existence of cause in fact, an essential element of plaintiff's claims for mental and emotional injuries and other alleged injuries beyond the claim for pain and suffering he experienced on December 12, 2011.  Plaintiff did not respond to defendant's motion for partial summary judgment, and therefore he has not presented evidence to establish a genuine issue of material fact.  *See Hernandez*, 343 F.3d at 1112 (nonmoving party cannot defeat a properly supported summary judgment motion with allegations in the complaint).  Accordingly, defendant is entitled summary judgment on plaintiff's claims for mental and emotional injuries

REPORT AND RECOMMENDATION
PAGE - 5

and other alleged ongoing injuries.  All that remains is plaintiff's claim for pain and suffering that he experienced on December 12, 2011.

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that defendant's motion for partial summary judgment (Dkt. 24) be GRANTED.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>November 21, 2014</u>**.

DATED this <u>29th</u> day of October, 2014.


Mary Alice Theiler
Chief United States Magistrate Judge